**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EARL FORT, | No. 11-35520 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-01407-AA |
| v. | |
| A. MAUNEY, SRCI Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Oregon state prisoner Robert Earl Fort appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth and

Fourteenth Amendment violations arising from an altercation with another inmate.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989), and we affirm.

The district court properly granted summary judgment on Fort's Eighth Amendment failure-to-protect claim against Mauney because Fort failed to raise a genuine dispute of material fact as to whether Mauney knew that the other inmate posed a substantial risk of serious harm to Fort.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court properly granted summary judgment on Fort's Eighth Amendment failure-to-train claim because Fort failed to raise a genuine dispute of material fact as to whether defendants were personally involved in the incident, whether they were aware their training program was inadequate, or whether a pattern of similar incidents existed.  *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (noting that actual or constructive notice that a training program is inadequate and a pattern of similar constitutional violations are usually necessary to demonstrate deliberate indifference for purposes of failure to train); *Taylor*, 880 F.2d at 1045 ("A supervisor is only liable for constitutional violations of his

subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

The district court properly granted summary judgment on Fort's Eighth Amendment claim alleging the falsification of a misconduct report because Fort failed to raise a genuine dispute of material fact as to whether the filing of the report or his resulting confinement in disciplinary segregation resulted "in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834.

The district court properly granted summary judgment on Fort's Fourteenth Amendment claim because "some evidence" supported the findings at his disciplinary hearing. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

The district court did not abuse its discretion by staying discovery because Fort failed to show that discovery would have yielded facts that would have precluded summary judgment. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

Fort's remaining contentions regarding his motion for a preliminary injunction and opposition to summary judgment are unpersuasive.

**AFFIRMED.**